UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANAHIDIA LEON,

    Plaintiff,

v.                                          Case No: 2:18-cv-673-FtM-38CM

INTEGON NATIONAL INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. 3). Plaintiff Anahidia Leon has not responded, and the time to do so has expired. This matter is ripe for review.

This is an insurance-coverage case. Leon is the owner of real property in Naples, Florida, subject to a mortgage held by Regions Bank. The property is insured by Integon under Residential Property Hazard Insurance Policy No. 70050002. After the property was damaged by Hurricane Irma in September 2017, Leon notified Integon of the damage, but Integon has not paid for the requested repairs and replacements. Leon sued Integon in Florida state court, and Integon removed the case to this Court. Integon now

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

moves to dismiss the Complaint for failure to attach a copy of the Policy and for lack of standing.

When considering a motion to dismiss for lack of standing, courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *Gagliardi v. City of Boca Raton*, 197 F. Supp. 3d 1359, 1364-65 (S.D. Fla. 2016) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). While normally limited to the four corners of the complaint, courts may consider documents outside the pleadings if they are central to the claim and their authenticity is undisputed. *Stern v. Bank of America Corp.*, 112 F. Supp. 3d 1297, 1301 (M.D. Fla. 2015) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Here, Leon did not attach the Policy to her Complaint, but Integon submitted it with the Notice of Removal. (Doc. 1-3). Because the Policy is central to Leon's claim, she identified it by policy number in her Complaint, and she has not disputed its authenticity, the Court has considered the terms of the Policy.

## I. Failure to Attach a Copy of the Policy to the Complaint

Integon argues that Leon's failure to attach a copy of the Policy to the Complaint warrants dismissal. While it is true that Florida rules require parties to attach or incorporate certain documents when filing pleadings, federal rules do not. *Yencarelli v. USAA Cas. Ins. Co.*, No. 8:17-CV-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017). Integon foreclosed this line of attack when it removed the case to this Court. *See Kancor Cos., LLC v. Fed. Ins. Co.*, No. 6:16-CV-803-ORL-41DCI, 2017 WL 3720963, *2 (M.D. Fla. Feb. 15, 2017).

## II. Standing

Integon next argues that Leon lacks standing to sue because she (1) is not a party to the Policy, (2) cannot sue as a third-party beneficiary, (3) seeks damages in derogation of the rights of Regions, and (4) fails to plead an insurable interest.

In her Complaint, Leon alleges that Integon issued the Policy to her. (Doc. 1-8 at 5). But the language of the Policy explicitly states that it is a contract between Regions and Integon, and that Leon is not a party to it. (Doc. 1-3 at 9). When allegations "about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). The Court thus concludes that Leon is not a party to the Policy.

Being the owner of the subject property, Leon has an insurable interest and might therefore have standing as a third-party beneficiary, but she has not asserted such a claim. *See Conyers v. Balboa Ins. Co.*, 935 F. Supp. 2d 1312, 1317 (M.D. Fla. 2013); *see also Joseph v. Praetorian Ins. Co.*, No. 17-CV-61237, 2017 WL 5634938, at *3-4 (S.D. Fla. October 5, 2017). Integon's remaining arguments address coverage issues, not standing issues, so the Court will not consider them now. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1306-07 (11th Cir. 2008) (finding error when a district court treated preconditions to recovery under an insurance policy as standing issues instead of coverage issues).

Leon has not alleged facts sufficient to show she has standing to enforce the Policy. Accordingly, it is now

**ORDERED:**

1. Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. 3) is **GRANTED**.

2. Plaintiff Anahidia Leon is given leave to file an amended complaint on or before **November 13, 2018**. If the Complaint is not timely amended, it will be dismissed without further notice from the Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of October, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4